UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

HENRY LEON, DWAYNE YOUNG and
JUAN J. LOPEZ,

        Plaintiffs,
v.

QUALITY CEILING REFINISHING, INC., a
Florida for-profit corporation, JOHN E. PESCE, an
individual, and ANTHONY PESCE, an individual,

        Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiffs, HENRY LEON ("LEON"), DWAYNE YOUNG, ("YOUNG"), and JUAN J. LOPEZ, ("LOPEZ") by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, QUALITY CEILING REFINISHING, INC., a Florida for-profit corporation, (hereinafter "QUALITY CEILING"), JOHN E. PESCE, an individual, (hereinafter "J. PESCE"), and ANTHONY PESCE, an individual, (hereinafter "A. PESCE"), and state as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant,

QUALITY CEILING was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, QUALITY CEILING, J. PESCE and A. PESCE, operated a ceiling refinishing business. Plaintiffs' work, and the work of at least five (5) other employees, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Such materials included tools, paint, chemicals, ladders and other equipment for refinishing ceilings.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

      b.      Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiffs, LEON, YOUNG and LOPEZ were the "employee[s]" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, QUALITY CEILING was conducting business in Clearwater, Pinellas County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants, QUALITY CEILING, J. PESCE and A. PESCE were the employers of Plaintiffs, LEON, YOUNG and LOPEZ.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs, LEON, YOUNG and LOPEZ their lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, QUALITY CEILING was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiffs, LEON, YOUNG and LOPEZ were directly essential to the business performed by Defendants, QUALITY CEILING, J. PESCE and A. PESCE.

16. Plaintiffs, LEON, YOUNG and LOPEZ have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2014, Plaintiff, LEON was hired by the Defendants as a technician at the Defendants' ceiling refinishing business. His employment ended April 18, 2019. He was paid a weekly salary of $500.00 per week, which was increased to $600.00 per week. In addition, the Defendants paid LEON commissions.

18. On or about October 15, 2018, Plaintiff, YOUNG was hired by the Defendants as a technician at the Defendants' ceiling refinishing business. His employment ended on about May 6. 2019. He was paid a weekly salary of $500.00 per week, which was increased to $600.00 per week. In addition, the Defendants paid YOUNG commissions.

19. In or about January 2017, Plaintiff, LOPEZ was hired by the Defendants as a technician at the Defendants' ceiling refinishing business. His employment ended on or about May 17, 2019. He was paid a salary of $500.00 per week, which increased to $600.00 per week, and finally increased to $700.00 per week. In addition, the Defendants paid LOPEZ commissions.

20. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

21. The Defendants failed to maintain time records throughout the entirety of the Plaintiffs' employment, reflecting all the hours worked by the Plaintiffs, each day and each week.

22. Defendants, J. PESCE and A. PESCE were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiffs. Therefore, they are personally liable for the FLSA violations.

23. Defendants, J. PESCE and A. PESCE were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs, LEON, YOUNG and LOPEZ.

24. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiffs, LEON, YOUNG and LOPEZ repeat and reallege Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiffs, LEON, YOUNG and LOPEZ' employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours. Plaintiffs, LEON, YOUNG and LOPEZ were entitled to be paid at the rate of time and one-half for all of their hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants.

Plaintiffs, LEON, YOUNG and LOPEZ intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, LEON, YOUNG and LOPEZ at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiffs, LEON, YOUNG and LOPEZ of their rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, LEON, YOUNG and LOPEZ are entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendants, Plaintiffs, LEON, YOUNG and LOPEZ have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, LEON, YOUNG and LOPEZ respectfully request that judgment be entered in their favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

  b.  Awarding Plaintiffs overtime compensation in the amount calculated;

  c.  Awarding Plaintiffs liquidated damages in the amount calculated;

  d.  Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e.  Awarding Plaintiffs post-judgment interest; and

  f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: June 24, 2019.

            Respectfully submitted,

            BOBER & BOBER, P.A.
            Attorneys for Plaintiffs
            2699 Stirling Road, Suite-A304
            Hollywood, FL 33312
            Phone: (954) 922-2298
            Fax: (954) 922-5455
            peter@boberlaw.com
            samara@boberlaw.com

            By: */s/. Peter J. Bober, Esq.*
              PETER BOBER
              FBN: 0122955